IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-13-D
No. 5:14-CV-389-D

| | |
|---|---|
| CHRISTOPHER KEON GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On July 8, 2014, Christopher Keon Green ("Green") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 162-month sentence [D.E. 68]. On December 8, 2014, the government moved to dismiss Green's section 2255 motion [D.E. 75] and filed a memorandum in support [D.E. 76]. On January 26, 2015, Green responded in opposition [D.E. 80]. As explained below, the court grants the government's motion to dismiss and dismisses Green's section 2255 motion.

I.

On April 5, 2012, Green pleaded guilty, pursuant to a written plea agreement [D.E. 32], to (1) possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) (count one) and (2) using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a)(ii) (count two). See [D.E. 31]; Rule 11 Tr. [D.E. 72] 23–24. In his plea agreement and at his Rule 11 hearing, Green agreed that, on count two, he faced a minimum imprisonment term of 120 months and a maximum imprisonment term of life. See Plea Agreement [D.E. 32] ¶ 3; Rule 11 Tr. 15–16.

On July 20, 2012, at Green's sentencing hearing, the court calculated Green's advisory guideline range on count one to be one to seven months and on count two to be 120 months consecutive to the sentence on count one. See Sentencing Tr. [D.E. 51] 22. After considering the entire record, Green's allocution, counsel's arguments, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Green to 6 months on count one and 156 months consecutive on count two, yielding a total imprisonment term of 162 months. See id. 28–32. In sentencing Green on count two, the court upwardly varied to 156 months. See id. 31. The court upwardly varied in light of Green's offense conduct, violent criminal history, the need to incapacitate Green, and the need for just punishment. See id. As for Green's offense conduct, Green admitted to purchasing marijuana from a marijuana dealer. After the sale, Green became upset with the marijuana's quantity. Green (armed with a stolen firearm) returned to the dealer's residence with two accomplices. Green's female accomplice knocked on the front door. The dealer opened the door, and the female accomplice asked to speak with the dealer's girlfriend. Green and another accomplice, Shawn Anthony Pritchett (also armed with a firearm), then rushed into the residence. Green brandished his firearm and forced the dealer upstairs. Once upstairs, a fight ensued between Green and the dealer. Green discharged his weapon twice, and one shot hit the dealer in the arm. See Presentence Investigation Report "("PSR") [D.E. 37] ¶ 9; Sentencing Tr. 26–29. As for Green's violent criminal history, Green engaged in the offense conduct less than three years after being paroled for conspiracy to commit robbery with a dangerous weapon. See PSR ¶ 18.

The court entered judgment on July 30, 2012. See [D.E. 45]. Green did not appeal, and the judgment became final on that date. See United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001); cf. Clay v. United States, 537 U.S. 522, 525, 527, 531–32 (2003) (holding that section 2255's

2

"one-year limitation period starts to run when the time for seeking [certiorari] review expires").[1]

On July 8, 2014, Green filed his section 2255 motion [D.E. 68]. Green contends: (1) that the court violated his Fifth and Sixth Amendments rights under Alleyne v. United States, 133 S. Ct. 2151 (2013), because his indictment did not allege that he discharged the firearm and a jury did not find that he discharged a firearm; and (2) that his counsel was constitutionally ineffective for failing to raise Alleyne at sentencing. See [D.E. 68] 2–4.

On December 8, 2014, the government moved to dismiss Green's section 2255 motion for failure to state a claim upon which relief can be granted. See [D.E. 75, 76]. On January 26, 2015, Green responded in opposition. See [D.E. 80]. In his response, Green argues that the court violated Alleyne by (1) finding at sentencing that he discharged the weapon; (2) imposing sentence on count two without jurisdiction; and (3) imposing sentence without having advised Green at his Rule 11 colloquy that discharging the firearm was an essential element of count two. See [D.E. 80-1] 1–4. Green also contends that his counsel was constitutionally ineffective for failing to raise Alleyne at sentencing and that Alleyne is retroactive to cases on collateral review. See id. 4–21.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a

---

[1] On June 14, 2013, Green filed an untimely motion for an extension of time to file a direct appeal. See [D.E. 50]; cf. Fed. R. App. P. 4(b)(1). On June 26, 2013, the court denied the motion to extend time. See [D.E. 53].

3

court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

4

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The government argues that Green's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

5

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–30 (2005); Whiteside v. United States, No. 13-7152, 2014 WL 7245453, at *2 (4th Cir. Dec. 19, 2014) (en banc).

As for section 2255(f)(1), Green filed his section 2255 motion on July 8, 2014, almost two years after his judgment of conviction became final. Thus, Green's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012).

In opposing the government's timeliness argument, Green contends that his section 2255 motion is timely under section 2255(f)(3) due to Alleyne. The court rejects the argument because Alleyne is not retroactively applicable to cases on collateral review. See, e.g., United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished); see also Hughes v. United States, 770 F.3d 814, 818–19 (9th Cir. 2014); In re Mazzio, 756 F.3d 487, 489–91 (6th Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). Thus, Green's section 2255 motion is untimely.

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 2014 WL 7245453, at *6–7; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1)

6

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Green has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 2014 WL 7245453, at *6–7; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court grants the government's motion to dismiss Green's section 2255 motion as untimely.

Alternatively, the appellate waiver in Green's plea agreement bars Green's Alleyne claims. In his plea agreement, Green agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Green] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

7

At Green's Rule 11 hearing, Green stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 2–15, 19. Green also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges, including a minimum of 120 months' imprisonment and a maximum of life on count two. See id. 16. Green also swore that he understood all the trial rights that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 18–19. Green also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Green and the government. See id. 19–21. In his plea agreement, Green expressly agreed that his minimum sentence on count two would be 10 years and his maximum sentence could be life. See Plea Agreement ¶ 3. In his plea agreement, the United States did not agree to a specific sentence and reserved the right to make a sentencing recommendation. See id. ¶ 4. The court then read Green's appellate waiver aloud to him, and Green swore that he understood the rights he was giving up in the waiver. See Rule 11 Tr. 20–21. Green also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment on count two. See id. 16–21.

At the end of his Rule 11 hearing, Green pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 23–26. The court then accepted Green's guilty plea. See id. 26–28.

8

In light of Green's Rule 11 colloquy, Green's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. In his waiver, Green agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Green] at the time of [his] guilty plea." Plea Agreement ¶ 2.c. Here, Green's claims that the court violated Alleyne falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Green's waiver and dismisses his Alleyne claims.

Alternatively, Green procedurally defaulted his Alleyne claims by failing to raise these issues on direct appeal. Thus, the general rule of procedural default bars Green from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Frigit, 703 F.3d 248, 253 (4th Cir. 2012); Sanders, 247 F.3d at 144. Furthermore, Green has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 546 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, Green's Alleyne claims fail because the Supreme Court decided Alleyne after Green's conviction became final, and Alleyne does not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–18 (2007) (describing framework used to analyze retroactivity on collateral review); Stewart, 540 F. App'x at 172 n.*; see also Hughes, 770 F.3d at 818–19; In re Mazzio, 756 F.3d at 488; Winkelman, 746 F.3d at 136; Harris, 741 F.3d at 1250 n.3;

9

Redd, 735 F.3d at 91–92; In re Kemper, 735 F.3d at 212; Simpson, 721 F.3d at 876. Thus, Green's Alleyne claims fail.

As for Green's claim that his defense counsel provided ineffective assistance of counsel by failing to anticipate Alleyne, the claim fails. Counsel did not act in an objectively unreasonable manner by failing to predict the legal future concerning Alleyne. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009); Thompson v. Warden, Belmont Corr. Inst., 598 F.3d 281, 288 (6th Cir. 2010); Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001); United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996). Accordingly, Green's ineffective-assistance claim fails.

After reviewing the claims presented in Green's motion, the court determines that reasonable jurists would not find the court's treatment of any of Green's claims decided in this order debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 75], DISMISSES Green's section 2255 motion [D.E. 68], and DENIES a certificate of appealability.

SO ORDERED. This 3 day of February 2015.

JAMES C. DEVER III
Chief United States District Judge